# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH
## NO. 02-10-00557-CR


DAVID WHATLEY BELL                                            APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant David Whatley Bell pleaded guilty to sexual assault of a child under seventeen years of age and pleaded true to the repeat offender notice alleging a prior felony conviction. The trial court assessed punishment and sentenced Bell to forty-five years' confinement, and this court affirmed Bell's conviction on direct appeal. *See Bell v. State*, No. 02-97-00167-CR, 02-97-00168-CR (Tex. App.—Fort Worth Dec. 18, 1997, pet. ref'd) (mem. op., not

---

[1]*See* Tex. R. App. P. 47.4.

designated for publication).  On May 21, 2008, Bell filed an application for DNA testing, which the trial court denied without an evidentiary hearing.  In his sole point, Bell argues that the trial court erred by denying his request for DNA testing.  We will affirm.

On May 3, 1996, the fourteen-year-old complainant, A.J., and her friend, M.J., stayed overnight at M.J.'s grandmother's house.  Bell, M.J.'s uncle, lived with M.J.'s grandmother.  A.J. fell asleep on the couch, and Bell woke A.J. around 2 a.m. when he penetrated her vagina with his penis.  When A.J. attempted to free herself, Bell ran from the room and woke M.J.  A.J. began crying and called her sister to take her home.  The next morning, M.J. asked Bell "if he had done it" with A.J., and he said yes but later said no.  A.J.'s sexual assault kit returned a positive result for semen in the vaginal specimen and on her shorts.  Bell gave a statement to police on May 14, 1996, admitting to penetrating A.J.'s vagina with his penis and ejaculating inside her.  At trial, Bell again admitted to having intercourse with A.J.  Bell contended, however, that A.J. had consented to sex and told him she was twenty years old or older.

After the trial court sentenced Bell and his conviction was affirmed, Bell submitted a request for DNA testing.  In an affidavit in support of his request, Bell stated that he believed biological material related to his offense was in the possession of police authorities, the material was not tested at the time of his conviction, and testing of this material could establish his innocence.  The State argued that Bell was not entitled to DNA testing because identity was not an

issue in his trial. The trial court agreed and denied Bell's request. This appeal followed.

We review challenges to a trial court's ruling under article 64.04 of the Texas Code of Criminal Procedure using a bifurcated standard of review. Tex. Code Crim. Proc. Ann. art. 64.04 (West 2006); *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We give almost total deference to the trial judge's findings of historical fact and application-of-law-to-fact issues that turn on witness credibility and demeanor, but we consider *de novo* all other application-of-law-to-fact questions. *Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011).

To obtain DNA testing, several requirements must be satisfied. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a) (West Supp. 2010); *Rivera*, 89 S.W.3d at 59. The requirement relevant to this appeal is that the identity of the accused must have been or must be an issue in the case. Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B).

In his sole point, Bell contends that DNA testing is needed to exclude him as the perpetrator of this offense and that the trial court improperly considered his guilty plea in denying his request for DNA testing. The State argues that the trial court may consider Bell's plea, confession, and testimony in determining that identity is not an issue, and it points to the court's findings and conclusions to show that identity was not and is not an issue.

Article 64.03(b) provides that "[a] convicted person who pleaded guilty or nolo contendere in the case . . . may submit a motion under this chapter, and the

3

convicting court is prohibited from finding that identity was not an issue in the case *solely on the basis of that plea*." *Id.* art. 64.03(b) (emphasis added). This does not mean that the trial court could not consider Bell's plea along with the remainder of the record. *See O'Regan v. State*, No. 02-06-00100-CR, 2006 WL 3751410, at *1 (Tex. App.—Fort Worth Dec. 21, 2006, pet. ref'd) (mem. op., not designated for publication).

The record reveals that identity was not an issue at trial and is not an issue now. Specifically, Bell pleaded guilty to sexual assault of a child under the age of seventeen. He gave a statement to police that he had intercourse with and ejaculated inside the complainant, and Bell testified at trial that he had sex with the complainant. Bell's defense at trial was that the complainant consented and said she was twenty years old. In addition, Bell was the only male present when the complainant was sexually assaulted. The results of the sexual assault kit support the complainant's allegations of sexual assault because semen was detected inside of her vagina and on her shorts. And finally, Bell threatened to kill the complainant in retaliation. Therefore, the record supports the trial court's ruling denying Bell's request for DNA testing because identity was not and is not an issue.

Accordingly, we overrule Bell's sole point of error, and we affirm the trial court's order.

BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 25, 2011